UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JACQUELINE KOUTLAKIS,

                Plaintiff,

**REPORT AND RECOMMENDATION**
19 CV 1669 (DLI) (CLP)

        - against -

C P GRILL CORP., *et al.*,

                Defendants.
------------------------------------------------------------X

**POLLAK**, United States Magistrate Judge:

        On January 14, 2020, Lina Stillman, Esq., appeared for plaintiff Jacqueline Koutlakis for a previously-scheduled status conference in this matter before the undersigned. However, none of the defendants appeared – neither corporate defendant C P Grill Corp., nor either of C P Grill Corp.'s purported owners, defendants Cristo Ioannides and Patricia Bohman, appeared.[1]

        The Clerk of Court has already entered a default against C P Grill due to its failure to appear in this action. (See ECF No. 10). On May 28, 2019, after the Clerk entered default, Rodney R. Austin, Esq., filed an appearance on behalf of all defendants, including C P Grill. (ECF No. 11). However, on June 26, 2019, Mr. Austin filed motion to withdraw, as he had found it impossible to make contact with the defendants. Mr. Austin averred that he "had no contact with the Defendants [despite] hav[ing] made numerous phone calls, left several voicemail messages and sent text messages to no avail. There has been no response at all." (See Attorney

---

[1] See Complaint ¶¶ 16, 21.

Affirmation re. Motion to Withdraw[2] at 3). The Court granted Mr. Austin's motion to withdraw.[3] As a result, the individual defendants have been proceeding *pro se* since August 19, 2019.

In four prior Orders,[4] as well as on the record, the Court has instructed defendants to obtain counsel for C P Grill, because "a corporation [ ] cannot proceed *pro se* in federal court." Trustees of Empire State Carpenters Annuity, Apprenticeship, Labor-Mgmt. Cooperation, Pension & Welfare Funds v. Tri-State Acoustics Corp., No. 13 CV 05558, 2014 WL 4537481, at *5 (E.D.N.Y. Sept. 11, 2014); see also Shapiro, Bernstein & Co. v. Cont'l Record Co., 386 F.2d 426, 427 (2d Cir. 1967) (per curiam). The Court warned in its December 13, 2019 Order that if C P Grill lacked counsel at the January 14, 2020 status conference, the Court would recommend that C P Grill be found in default.

Despite written notice of the January 14, 2020 conference before this Court, none of the defendants in this case appeared at the status conference, and as of the date of this Report and Recommendation, C P Grill still lacks counsel. As such, the Court respectfully recommends that, upon plaintiff's motion, a default enter against C P Grill for failure to obtain counsel and failure to appear. As for the individual defendants, Christo Ioannides and Patricia Bohman, the Court respectfully recommends that unless they contact the Court in writing by January 31, 2020, indicating their intention to continue to defend in this case and comply with Court orders, a default enter against them as well.[5]

---

[2] Filed June 26, 2019, ECF No. 18.
[3] See Order dated August 19, 2019, ECF No. 21.
[4] See Orders dated August 19, 2019, October 24, 2019, November 21, 2019, and December 27, 2019; ECF Nos. 21, 24, 25, and 27 respectively.
[5] Ms. Bohman has not appeared for any status conference held before this Court. While Mr. Ioannides did appear at the October 23, 2019 and December 11, 2019 status conferences, his failure to appear at the January 14, 2020 conference has left his intention to continue to defend in this case unclear to the Court.

Any objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); see also Fed. R. Civ. P. 6(a), (e) (providing the method for computing time). Failure to file objections within the specified time waives the right to appeal the District Court's order. See, e.g., Caidor v. Onondaga Cty., 517 F.3d 601, 604 (2d Cir. 2008) (explaining that "failure to object timely to a . . . report [and recommendation] operates as a waiver of any further judicial review of the magistrate [judge's] decision").

The Clerk is directed to send copies of this Report and Recommendation to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated:   Brooklyn, New York
         January 15, 2020

/s/ Cheryl Pollak

Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York