UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
Jacqueline Koutlakis, *individually and on*
*behalf of all other employees similarly situated*,

                                           Plaintiff,

-against-

C P Grill Corp. d/b/a CP Grill, Patricia Bohman,
and Christo Ioannides, *jointly and severally*,

                                           Defendants.
-----------------------------------------------------------------x

**SUMMARY ORDER**
19-cv-01669 (DLI)(CLP)

**DORA L. IRIZARRY, United States District Judge:**

On April 16, 2021, the Honorable Cheryl L. Pollak, Chief United States Magistrate Judge, *sua sponte* issued a Report and Recommendations ("R&R") recommending that this Court enter a default against all Defendants for failure to appear and authorize Plaintiff Jacqueline Koutlakis ("Plaintiff") to file for default judgment. *See*, R&R, Dkt. Entry No. 45, at 2. As the magistrate judge accurately set forth in her R&R, Defendants Patricia Bohman ("Bohman") and Christo Ioannides ("Ioannides"), both *pro se*, failed to appear at three conferences scheduled for September 18, 2020, December 11, 2020, and February 19, 2021. *Id.* at 1. Defendant C P Grill Corp.'s ("C P Grill") counsel also failed to appear for the September 18, 2020 and February 19, 2021 conferences. *Id.* Following Defendants' failure to appear for the February 19, 2021 conference, the magistrate judge warned them that any additional failure to appear would result in her recommendation to enter a default. *Id.* at 2. Defendants then failed to appear for the April 9, 2021 conference, resulting in the R&R at issue. *See*, Minute Entry dated April 14, 2021; Electronic Order dated April 16, 2021.

The parties had until April 30, 2021 to file objections to the R&R.  *See*, Electronic Order dated April 16, 2021.  On April 30, 2021, Defendant C P Grill filed an objection to the R&R.  *See*, Dkt. Entry No. 46.  Counsel for C P Grill stated that his absence for the April 9, 2021 conference "was not willful" because he "was involved in a serious car accident" on April 8, 2021 and "was treated by the emergency unit at the Langone Hospital of Brooklyn."  *Id.*  He is recovering from the injury.  *Id.*  Neither Bohman nor Ioannides filed an objection to the R&R.

When a party objects to an R&R, a district judge must make a *de novo* determination with respect to those portions of the R&R to which the party objects.  *See*, Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 72(b)(3); 28 U.S.C. § 636(b)(1); *See also*, *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997) (citation omitted).  If, however, a party makes conclusory or general objections, or attempts to relitigate the party's original arguments, the Court will review the R&R for clear error.  *See*, *Robinson v. Superintendent, Green Haven Corr. Facility*, 2012 WL 123263, at *1 (E.D.N.Y. Jan. 17, 2012) (citations omitted).  After its review, the district court may then "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  Fed. R. Civ. P. 72(b)(3); *See also*, 28 U.S.C. § 636(b)(1).

Since Bohman and Ioannides are appearing *pro se*, some latitude must be given to them. *See*, *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993) ("A party appearing without counsel is afforded extra leeway in meeting the procedural rules governing litigation, and trial judges must make some effort to protect a party so appearing from waiving a right to be heard because of his or her lack of legal knowledge.") (citations omitted).  Nonetheless, *pro se* litigants are not absolved from complying with the Court's orders, including appearing for scheduled conferences.  *See*, *LaGrande v. Key Bank Nat. Ass'n*, 393 F. Supp.2d 213, 219 ("The Second

2

Circuit has made it clear that although *pro se* litigants should be afforded leeway, they generally are required to inform themselves regarding procedural rules and to comply with them. This is especially true in civil litigation.") (internal quotation marks and citations omitted).

The Court notes that Defendants repeatedly have failed to appear before the magistrate judge for scheduled conferences. Indeed, the magistrate judge previously recommended that the Clerk of the Court enter notations of default against Defendants for failing to appear at earlier conferences held in this case. *See,* Report and Recommendations issued on January 15, 2020, Dkt. Entry No. 28; *See also*, Dkt. Entry No. 32 (after C P Grill retained counsel, Plaintiff requested to proceed with the case). At one point, both Bohman and Ioannides were represented by counsel and Ioannides had appeared before the magistrate judge in an earlier proceeding. *See*, Scheduling Order dated February 23, 2021, Dkt. Entry No. 41. As such, they should have known of their obligations to appear for the scheduled conferences, particularly since they no longer were represented by counsel. Considering Bohman's and Ioannides' recent failures to appear in conjunction with their earlier absences, the Court finds no clear error in the magistrate judge's recommendation to enter a notation of default against them. Consequently, the Court adopts the magistrate judge's R&R as to Defendants Bohman and Ioannides.

As for Defendant C P Grill, the basis for the magistrate judge's R&R involves C P Grill's failure to appear for the September 18, 2020, February 19, 2021, and April 9, 2021 conferences. *See*, R&R at 1. In its objection to the R&R, counsel for C P Grill does not provide justification for any of its previous absences other than the April 9, 2021 conference. Normally, the Court declines to consider such a nonresponsive objection. Nevertheless, in light of the Second Circuit's long established preference for resolving matters on the merits, the objection is sustained to the extent that a notation of default will not be entered against C P Grill. However, Counsel for C P

Grill is admonished that failure to comply with any Court orders may result in the imposition of sanctions, including entry of a notation of default, the imposition of fines and/or a finding of contempt.

## **CONCLUSION**

For the reasons set forth above, the R&R is adopted in part as to Defendants Bohman and Ioannides, and rejected as to Defendant C P Grill. Accordingly, the Clerk of Court is directed to enter notations of default against Defendants Bohman and Ioannides only. Defendant C P Grill is reminded that it must comply with all orders of this Court and the magistrate judge, including appearing for all scheduled conferences and hearings. Any additional unexcused absence from a conference or hearing will result in sanctions, including entering a notation of default, imposition of fines, and/or a finding of contempt. Within fourteen (14) days from the entry of the notation of default, Plaintiff shall file a motion for default judgment against Defendants Bohman and Ioannides.

SO ORDERED.

Dated: Brooklyn, New York
       June 10, 2021

                                                                 /s/
                                          DORA L. IRIZARRY
                                    United States District Judge