UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
JACQUELINE KOUTLAKIS,

                        Plaintiff,

             -against-                          **REPORT & RECOMMENDATION**
                                                           19 CV 1669 (DLI) (CLP)
C P GRILL CORP., *et al.*,

                        Defendants.
----------------------------------------------------------X

**POLLAK**, Chief United States Magistrate Judge:

      On March 24, 2019, plaintiff Jacqueline Koutlakis filed this action against defendants C P Grill Corp. ("C P Grill"), Patricia Bohman, and Christo Ioannides (collectively, "defendants"), alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et. seq., New York Labor Law ("NYLL"), Article 6, § 190 et. seq., Article 19, § 650 et. seq., and the supporting New York State Department of Labor Regulations. (See ECF No. 1). On April 20, 2021, plaintiff moved for sanctions against defendants, requesting an award of attorney's fees for defendants' violations of three Orders, dated December 14, 2020 ("12/14/2020 Order"[1]), February 23, 2021 ("2/23/2021 Order"[2]), and March 17, 2021 ("3/17/2021 Order"[3]). (Mot.[4] at 1; see also 4/16/2021 R&R[5] (recommending that default enter against defendants for failure to appear at the conferences)). Plaintiff's counsel claims fees in the amount of $350, representing 60 minutes of time wasted due to defendants' failure to appear for settlement conferences as

---

[1] ECF No. 39.
[2] ECF No. 41.
[3] ECF No. 44.
[4] Citations to "Mot." refer to plaintiff's Motion for Attorney's Fees, filed April 30, 2021, ECF No. 48.
[5] Citations to "4/16/2021 R&R" refer to this Court's Report and Recommendation, filed April 16, 2021, ECF No. 45.

1

Ordered by the Court on those dates. (Mot. at 1). Defendants have not responded to plaintiff's motion for attorney's fees and therefore the motion is unopposed.[6] Although the fact that the motion is unopposed might mean that there are "reasons to grant the application in its entirety without further analysis," doing so "would arguably be inconsistent" with the Federal Rules of Civil Procedure and, as such, this Court will analyze whether the fees are justified. See Yea Kim v. 167 Nail Plaza, Inc., No. 05 CV 8560, 2009 WL 77876, at *3 (S.D.N.Y. Jan. 12, 2009).

The Court is empowered to issue "any just orders" in response to a party's or attorney's failure to appear at a pretrial conference or to obey a pretrial order. Fed. R. Civ. P. 16(f)(1)(C).[7] The Court must also "order the party, its attorney, or both to pay the reasonable expenses— including attorney's fees—incurred because of any noncompliance with [Rule 16(f)] unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 16(f)(2); see Coyotecatl v. Grand Rest. Grp., No. 14 CV 4799, 2016 WL 11472227, at *3 (E.D.N.Y. June 27, 2016) (noting that such sanctions are "mandatory"). In assessing the proper amount of attorney's fees, a court must determine the "reasonable hourly rate" and "the number of hours reasonably expended." Petrisch v. JP Morgan Chase, 789 F. Supp. 2d 437, 457 (S.D.N.Y. 2011).

---

[6] Although this Court recommended default against all defendants, a default was entered against all defendants except C P Grill on June 11, 2021. (See ECF Nos. 49, 50). The Honorable Dora L. Irizarry, United States District Judge, found that counsel for C P Grill provided adequate justification for his failure to appear at one of the conferences, noting the Second Circuit's "long established preference for resolving matters on the merits." (See ECF No. 49 at 3). Defendant C P Grill has subsequently appeared at conferences before this Court and, as such, is aware of this motion for attorney's fees, but has not filed any objections on the docket. (See, e.g., Electronic Minute Entry, dated Sept. 10, 2021).

[7] The Court also notes that failing to appear for an Ordered conference may also be sanctionable under Federal Rule of Civil Procedure 37(b) which deals with discovery Orders. See, e.g., Cuffee Jr. v. Gonzalez, No. 15 CV 08916, 2021 WL 4991800, at *6-7 (S.D.N.Y. Oct. 27, 2021) (discussing failure to appear at conferences as part of sanctions under Fed. R. Civ. P. 37(b)); Tutora v. Campbell, No. 19 CV 1221, 2021 WL 2342897, at *7 (N.D.N.Y. May 18, 2021), report and recommendation adopted, 2021 WL 2338293 (N.D.N.Y. June 8, 2021); Arch Ins. Co. v. Sky Materials Corp., No. 17 CV 2829, 2021 WL 966110, at *2-3 (E.D.N.Y. Jan. 29, 2021), report and recommendation adopted, 2021 WL 964948 (E.D.N.Y. Mar. 15, 2021).

Plaintiff's counsel cites to three Orders in her request for attorney's fees: the December 14, 2020 Order, the February 23, 2021 Order, and the March 17, 2021 Order. (Mot. at 1).

The December 14, 2020 Order required the parties to appear on February 11, 2021 for a settlement conference; this conference was later adjourned to February 19, 2021. (12/14/2020 Order; 2/5/2021 Order[8] at 1). However, none of the defendants appeared on February 19th nor did they provide any excuse for their absence. (2/23/2021 Order at 1). Accordingly, an award of fees to the plaintiff for time spent waiting for all of the defendants to appear for the conference is warranted.

The February 23, 2021 Order required the parties to appear on March 17, 2021 for a settlement conference. (Id.) This conference was later adjourned until April 7, 2021 due to an unforeseen conflict in the Court's calendar. (3/12/2021 Order[9] at 1). The conference was again adjourned until April 9, 2021 at the request of plaintiff's counsel. (3/17/2021 Order at 1). Although plaintiff requests attorney's fees for violations of both the February 23, 2021 Order and the March 17, 2021 Order, defendants can only be sanctioned for their failure to appear on April 9, 2021, which was the adjourned date set for the conference in the March 17, 2021 Order.

Although none of the defendants appeared on April 9, 2021, C P Grill's counsel, Konstantinos Gaisidis, Esq., subsequently submitted a letter to the Court on April 30, 2021, attributing his absence to a medical emergency. (Objection[10] at 1). The Court finds that his absence was substantially justified, and that sanctions against C P Grill would not be appropriate. Sanctions against Ms. Bohman and Mr. Ionnides, on the other hand, would be appropriate.

---

[8] ECF No. 40.
[9] ECF No. 42.
[10] Citations to "Objection" refer to C P Grill's Objection to Report and Recommendations, filed April 30, 2021, ECF No. 46.

Although the Court finds that sanctions in the form of attorney's fees, in addition to the default entered against them (see ECF Nos. 49, 50), would be appropriate against Ms. Bohman and Mr. Ioannides for both Orders, the Court is well aware that in the event default judgment is granted, plaintiff will be entitled to attorney's fees and costs under the FLSA. See 28 U.S.C. § 216(b) (stating that a court "shall . . . allow a reasonable attorney's fee" to be paid to a prevailing plaintiff); Ortiz v. Chop't Creative Salad Co. LLC, 89 F. Supp. 3d 573, 589 (S.D.N.Y. 2015) (noting that the FLSA is a "fee-shifting statute"). As such, this Court recommends deferring any attorney's fees sanctions until the pending default judgment motion is resolved. (See ECF No. 52); Plumbers, Pipefitters & Apprentices Loc. No. 112 Pension Fund v. D.J. Springer, Inc., No. 16 CV 0321, 2017 WL 8159331, at *5 (N.D.N.Y. Oct. 24, 2017), report and recommendation adopted, 2018 WL 1183381 (N.D.N.Y. Mar. 6, 2018) (deferring sanctions where potential default judgment motion in ERISA case, which carries fee-shifting provision like the FLSA).

Plaintiff's counsel, Lina Stillman, Esq., claims an hourly rate of $350. (Mot. at 1). Such a rate has previously been found reasonable in this Circuit. See, e.g., Del Rio v. 257 SG Pizza Corp., No. 19 CV 3426, 2021 WL 1907413, at *2 (S.D.N.Y. Apr. 6, 2021) (finding rates of $475 and $375 reasonable); Coyotecatl v. Grand Rest. Grp., 2016 WL 11472227, at *5 (finding a rate of $375 reasonable). She further claims 20 minutes spent on each occasion waiting for the defendants to appear for conferences, which is in accord with this Court's records. (See Mot. at 1). She is therefore entitled to fees in the amount of $233.33, representing two-thirds of her hourly rate. As noted above, this Court recommends deferring the attorney's fee sanction against Ms. Bohman and Mr. Ioannides but respectfully recommends that CP Grill be Ordered to pay $116.66 now due to its nonappearance for the docket call on February 19, 2021.[11]

---

[11] If this Court were to recommend an award of attorney's fees against Ms. Bohman and Mr. Ioannides at this time, they would be held jointly and severally liable for the $116.66 recommended

4

Any objections to this Report and Recommendation must be filed with the Clerk of the Court, with a copy to the undersigned, within fourteen (14) days of receipt of this Report. Failure to file objections within the specified time waives the right to appeal the District Court's Order. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72; Caidor v. Onondaga Cty., 517 F.3d 601, 604 (2d Cir. 2008).

The Clerk is directed to send copies of this Report and Recommendation to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: November 9, 2021
Brooklyn, New York

*Cheryl L. Pollak*
CHERYL L. POLLAK
Chief United States Magistrate Judge
Eastern District of New York

---

against C P Grill. See Shanchun Yu v. Diguojiaoyu, Inc., No. 18 CV 7303, 2019 WL 6174204, at *6 (S.D.N.Y. Nov. 20, 2019) (imposing joint and several liability on individual and corporate defendants form sanctions under Federal Rules of Civil Procedure 16 and 37). C P Grill may later seek contribution from Ms. Bohman and Mr. Ioannides. See Joint and Several Liability, BLACK'S LAW DICTIONARY (11th ed. 2019).