UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JACQUELINE KOUTLAKIS,

                            Plaintiff,

               -against-                    **REPORT & RECOMMENDATION**
                                                             19 CV 1669 (DLI) (CLP)
C P GRILL CORP., PATRICIA BOHMAN,
and CHRISTO IOANNIDES,

                            Defendants.
------------------------------------------------------------X
**POLLAK**, United States Magistrate Judge:

        On March 24, 2019, plaintiff Jacqueline Koutlakis commenced this action on behalf of herself and others similarly situated, against defendants C P Grill Corp, Patricia Bohman, and Christo Ionnides, alleging violations of the Fair Labor Standards Act, New York Labor Law, Article 6, §§ 190, et. seq., and Article 19, §§ 650, et. seq., supporting New York State Department of Labor Regulations, and a claim for breach of contract. (See Compl.[1]).

        Currently pending before this Court on referral from the Honorable Dora L. Irizarry, United States District Judge, are two motions for default judgment: (1) plaintiff's motion for default judgment against the individual defendants, filed on September 26, 2022; and (2) plaintiff's motion for default judgment against C P Grill Corp. and the two individual defendants, filed May 18, 2023. (See Pl.'s Mem.[2]). For the reasons set forth below, the Court respectfully recommends that both of plaintiff's motions be denied with leave to renew.

---

        [1] Citations to "Compl." refer to the Complaint, filed March 24, 2019, ECF No. 1.
        [2] Citations to "Pl.'s Mem." refer to plaintiff's Memorandum of Law in Support of her Motion for Default Judgment, filed May 18, 2023, ECF No. 73-1.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff was employed by defendants at their restaurant, CP Grill, located at 131-02 14th Avenue, College Point, N.Y., from August 28, 2018 until January 7, 2019.  (Compl. ¶ 26).  She alleges that during her employment, defendants willfully failed:  (1) to pay her the applicable statutory minimum wages for hours worked; (2) to pay her for overtime wages for all hours worked above 40 in a work week; (3) to pay spread-of-hours pay; (4) to provide required wage statements and notices; and (5) to pay plaintiff at a rate of $1,000 per week for her regular hours worked, pursuant to the agreement of the parties.  (See Compl.).

Following the filing of the Complaint on March 24, 2019, the Summons and Complaint were served on defendant C P Grill on April 26, 2019; defendant Ioannides was served on May 15, 2019, and defendant Bohman was served on May 16, 2019.  (See Compl.; ECF Nos. 6, 8, 9). When the individual defendants failed to file an Answer or otherwise respond within the required time period, the undersigned issued a Report and Recommendation on April 16, 2021, recommending that a default enter against them, which the district court adopted on June 10, 2021.[3]  (ECF Nos. 45, 49).  On June 11, 2021, the Clerk of Court then entered a Certificate of Default as against the individual defendants.  (ECF No. 50).

On September 26, 2022, plaintiff moved for default judgment as to defendants Bohman and Ionnides ("September Motion").[4]  (ECF No. 68).  Accompanying the September Motion is a

---

[3] The April 16, 2021 Report and Recommendation also recommended that a default enter against defendant C P Grill.  Only defendant C P Grill filed an objection to the R&R, and the district court subsequently rejected the R&R as to C P Grill "in light of the Second Circuit's long established preference for resolving matters on the merits."  (ECF No. 49 at 3).

[4] Plaintiff had previously moved for default judgment against the individual defendants.  (ECF No. 52).  On March 1, 2022, the undersigned issued a Report and Recommendation, recommending that the default judgment motion be denied without prejudice to renew in the event that the parties' efforts at mediation proved unsuccessful.  (ECF No. 63).  The district court adopted the Court's March 1, 2022 Report and Recommendation on March 29, 2022.  (Order, dated Mar. 29, 2022).  Thereafter, when mediation proved unsuccessful, plaintiff filed the September Motion for Default Judgment.

Memorandum of Law, a declaration from plaintiff's counsel, a declaration from plaintiff, a declaration regarding the individual defendants' military status, proposed damages calculations, a copy of the Complaint, and a copy of the Clerk's Certificate of Default against the individual defendants. (ECF No. 68-1 to 7). On September 30, 2022, the district court referred the September Motion to the undersigned to conduct an inquest, if necessary, as to damages and/or legal fees and to issue a Report and Recommendation. (Orders, dated Sept. 30, 2022).

With respect to defendant C P Grill, counsel for the corporate defendant had appeared in the matter. However, during an October 5, 2022 status conference, the parties' counsel informed the Court that defendant C P Grill had not produced outstanding discovery, and C P Grill's counsel informed the Court that he had been unable to reach his client. Accordingly, the Court gave defendants a week to either produce discovery or for counsel to file a motion to withdraw from further representation of C P Grill. (Minute Entry, dated Oct. 5, 2022). C P Grill did not produce the discovery, and counsel did not move to withdraw.

Consequently, the undersigned issued a Report and Recommendation on April 11, 2023, recommending that a default enter against C P Grill for failure to defend, which the district court adopted on April 27, 2023. (ECF No. 71; Order, dated Apr. 27, 2023).

Thereafter, on May 18, 2023, plaintiff filed a second Motion for Default Judgment ("May Motion"), moving for default judgment as to all three defendants. (ECF No. 73). Attached to plaintiff's May Motion is a Memorandum of Law, a declaration from the plaintiff, an affidavit from plaintiff's counsel, and proposed damages calculations. (ECF No. 73-1 to 4). Plaintiff did not withdraw her September Motion.

On May 23, 2023, the district court referred the May Motion for Default Judgment to the undersigned to conduct an inquest, if necessary, and to issue a Report and Recommendation.

3

(Orders, dated May 23, 2023). On May 26, 2023, the Clerk of Court entered a Certificate of Default against C P Grill Corp. (ECF No. 75).

Thereafter, on May 30, 2023, the undersigned issued an Order providing all three defendants with an opportunity to submit any papers in response to plaintiff's motions and to request an inquest hearing. (ECF No. 76). Defendants did not respond. On June 10, 2023, plaintiff's counsel supplemented plaintiff's motions for default judgment with additional records, in support of plaintiff's request for attorney's fees. (ECF No. 77).

## DISCUSSION

### A. Procedural Requirements for Default Judgment

"A motion for default judgment will not be granted unless the party making the motion adheres to all of the applicable procedural rules." Bhagwat v. Queens Carpet Mall, Inc., No. 14 CV 5474, 2017 WL 9989598, at *1 (E.D.N.Y. Nov. 21, 2017); see also Morales v. Los Cafetales Restaurant Corp., No. 21 CV 1868, 2023 WL 375647, at *3 (E.D.N.Y. Jan. 3, 2023) (stating that "[l]ocal rules have the force of law, as long as they do not conflict with a rule prescribed by the Supreme Court, Congress, or the Constitution") (quoting Contino v. United States, 535 F.3d 124, 126 (2d Cir. 2008)), report and recommendation adopted, 2023 WL 375642 (E.D.N.Y. Jan. 24, 2023). Pursuant to Local Civil Rule 55.2(b), a movant's motion for default judgment must append "(1) the Clerk's certificate of default, (2) a copy of the claim to which no response has been made, and (3) a proposed form of default judgment."

### 1) Plaintiff's Failure to Comply with Local Civil Rule 55.2(b)

Here, plaintiff has failed to comply with Local Civil Rule 55.2(b). Although plaintiff attached to her September Motion the Clerk's certificate of default as to the individual defendants and a copy of the Complaint, she has failed to attach the certificate of default or a

4

copy of the Complaint to the May Motion. It is possible that plaintiff decided not to attach those documents to her May Motion because she had already done so when she filed the September Motion.⁵ Even if that were considered to be adequate, plaintiff also failed to attach the certificate of default as to C P Grill to the May Motion, thereby failing to comply with Local Civil Rule 55.2(b). Indeed, she could not have attached the certificate of default as to C P Grill when she filed the May Motion, since the Clerk of Court did not actually enter the certificate of default until a week *after* plaintiff filed the May Motion.

The fact that the certificates of default and the Complaint "may be found electronically, scattered on the docket, does not absolve [plaintiff] of [her] obligation to collect and append copies to [her] moving papers." Bhagwat v. Queens Carpet Mall, Inc., 2017 WL 9989598, at *1 (collecting cases); see also Ji Han Yoon v. Toothsavers Dental lab., Inc., No. 19 CV 2283, 2020 U.S. Dist. LEXIS 109934, at *21 (E.D.N.Y. June 22, 2020) (stating "[i]t is not enough that the complaint or Clerk's certificate of default can be found interspersed throughout the docket"), report and recommendation adopted, 2020 U.S. Dist. LEXIS 134054 (E.D.N.Y. July 27, 2020). Moreover, plaintiff failed to comply with Rule 55.2(b) as to both the September and May Motions by failing to attach to either motion a proposed form of default judgment.⁶

---

⁵ Given that plaintiff has not withdrawn her September Motion, it is unclear to the Court whether plaintiff's May Motion serves to supplement or entirely replaces the September Motion as a new motion. While the September Motion seeks default judgment against only the individual defendants, the May Motion seeks default judgment against all three defendants and thus includes arguments as to all three defendants' liability, suggesting that the May Motion serves as plaintiff's operative default judgment motion. Other aspects of the two motions suggest that plaintiff may intend the May Motion to supplement the September Motion. For example, plaintiff denominates both motions as her "Second Motion for Default Judgment." Plaintiff needs to clarify whether she is seeking default pursuant to the September Motion, the May Motion, or both. This is because, as already explained above, plaintiff has failed to comply, in part, with Local Civil Rule 55.2(b) by not filing certain required documents with the May Motion, and, as detailed below, has also not complied with the Local Civil Rule in filing the September Motion.

⁶ Interestingly, in the affidavit from plaintiff's counsel that is attached to the May Motion, counsel claims that she expended time working on a "Draft Order Default Judgment motion." (ECF No. 73-3 at

5

"As harsh at it may seem," courts in this district "have repeatedly" denied motions for default judgment based on a movant's failure to adhere to Local Civil Rule 55.2(b). Lugo v. Allstate Ins. Co., No. 19 CV 7150, 2022 WL 3928727, at *5 (E.D.N.Y. Aug. 10, 2022) (recommending plaintiff's motion for default judgment be denied where "notably absent from Plaintiff's motion [was] the Clerk's certificate of default, a copy of the Complaint, and a proposed form of default judgment"), report and recommendation adopted, 2022 WL 3914981 (E.D.N.Y. Aug. 31, 2022); see also Ji Han Yoon v. Toothsavers Dental lab., Inc., 2020 U.S. Dist. LEXIS 109934, at *19 (finding that "[p]laintiff's failure to comply with the requirements under Local Civil Rules 55.2(b) and (c) warrants denial of the motion for default judgment in its entirety"); Bhagwat v. Queens Carpet Mall, Inc., 2017 WL 9989598, at *2; Assets Recovery Ctr. Invs., LLC v. Smith, No. 13 CV 253, 2015 WL 13741871, at *7 (E.D.N.Y. Sept. 22, 2015); Apex Maritime Co. v. Furniture, Inc., No. 11 CV 5365, 2012 WL 1901266, at *1 (E.D.N.Y. May 18, 2012).

2) Plaintiff's Failure to Comply with Local Civil Rule 55.2(c)

Additionally, pursuant to Local Civil Rule 55.2(c), "all papers submitted to the Court" pursuant to Local Rule 55.2(b) "shall simultaneously be mailed to the party against whom a default judgment is sought at the last known residence of such party (if an individual) or the last known business address of such party (if a person other than an individual)," and "[p]roof of such mailing shall be filed with the Court." Courts in this district "strictly construe[] this rule such that failure to comply . . . warrants denial of the motion for default judgment." Morales v. Los Cafetales Restaurant Corp., 2023 WL 375647, at *4. Since plaintiff did not append a proposed form of default judgment to her September Motion, or append the certificates of

---

16). The Court infers that counsel is claiming that she spent time working on a proposed order of default judgment, and yet none was attached to the motion.

default, the Complaint, or a proposed form of default judgment to her May Motion, it is likely that she failed to include these required documents in any mailing that she may have made to defendants.[7] Absent a showing from plaintiff to the contrary, her motion for default judgment does not comply with Local Civil Rule 55.2(c). See Ji Han Yoon v. Toothsavers Dental lab., Inc., 2020 U.S. Dist. LEXIS 109934, at *22 (finding that plaintiff failed to comply with Local Civil Rule 55.2(c) where plaintiff failed to append the certificate of default, complaint, or a proposed form of default judgment with his motion and "neither counsel's affirmation nor the record establishes that a copy of [those documents] were mailed to Defendants"). "This deficiency also warrants denial of the motion." Feng Lin v. Quality Woods, Inc., No. 17 CV 3043, 2019 U.S. Dist. LEXIS 14239, at *19-20 (E.D.N.Y. Jan. 28, 2019) (recommending denial of motion for default judgment, in part due to plaintiff's failure to mail a copy of the Complaint pursuant to Local Civil Rule 55.2(c)), report and recommendation adopted, 2019 U.S. Dist. LEXIS 56860 (E.D.N.Y. Mar. 31, 2019); see also D'Arrigo Bros. Co. of N.Y., Inc. v. Met Food Basics, Inc., No. 19 CV 5474, 2021 WL 781745, at *4-5 (E.D.N.Y. Mar. 1, 2021) (stating that "[p]laintiff's failure to comply with Local Civil Rule 55.2(c) [by failing to provide proof of mailing] provides an independent ground on which to deny its motion for a default judgment"); Assets Recovery Ctr. Invs., LLC v. Smith, 2015 WL 13741871, at *4 (denying motion for default judgment

---

[7] For her September Motion, plaintiff filed an affidavit of service certifying that her "Motion for Default Judgment" was served on the individual defendants. (ECF No. 69). However, it is unclear whether the certificate of default against them and Complaint, which were attached to the motion, were also sent to the individual defendants. Indeed, the certificate of service for plaintiff's May Motion instead certifies that plaintiff's "Motion for Default Judgment *With All Accompanying Documents*" was served on defendants. (ECF No. 74) (emphasis added). Therefore, given the absence of any proposed form of default judgment filed with the Court, it is unclear whether plaintiff's mailing of the September Motion complied with Local Civil Rule 55.2(c). See Lopez v. Metro, No. 22 CV 332, 2022 WL 18809176, at *4 (E.D.N.Y. Dec. 16, 2022) (finding that where the "certificate of service is silent on whether copies of Plaintiff's motion papers were mailed[,] . . . Plaintiff has not demonstrated that all motion papers were properly served on Defendants as required by Rule 55.2(c) and this . . . weighs in favor of denying the Motion"), report and recommendation adopted, 2023 WL 2140418 (E.D.N.Y. Feb. 21, 2023).

because plaintiff failed to simultaneously mail defendants the documents enumerated in Local Rule 55.2(b)).

Finally, it is unclear whether the September and May Motions, and the attached papers, were even served on defendant C P Grill in compliance with Rule 55.2(c). On June 10, 2023, plaintiff filed an affidavit as proof of service of the Court's May 30, 2023 Order, which gave defendants an opportunity to request an inquest hearing and to respond to plaintiff's motions for default judgment. (ECF No. 78). However, the Court notes that the tracking number provided in plaintiff's affidavit reveals that the mail sent to defendant C P Grill at 131-02 14th Avenue, College Point, NY[8] was returned to sender, and counsel for defendants indicated that the business may have been closed. Moreover, the 131-02 14th Avenue address is the same address to which plaintiff mailed the May Motion for C P Grill,[9] and the only address to which plaintiff mailed the September Motion for the individual defendants. (ECF Nos. 69, 74). Therefore, it is unclear if the individual defendants ever even received the September Motion[10] (and the accompanying certificate of default and copy of the Complaint) or if C P Grill received the May Motion. Pursuant to Local Rule 55.2(c), "[i]f the mailing is returned, a supplemental affidavit shall be filed with the Court setting forth that fact, together with the reason provided for return, if any." Given that mail plaintiff recently sent to the 131-02 14th Avenue address was returned to sender, plaintiff should have realized that there are potential concerns regarding whether the

---

[8] The tracking information provided notes that the package was sent to "13102 14th Ave, Flushing, NY 11356-1910." Based on a review of online sources, 131-02 14th Avenue, College Point, NY and 13102 14th Ave, Flushing, NY are the same address.

[9] Plaintiff also mailed the May Motion to C P Grill's counsel. However, given counsel's prior representation that he was unable to contact his client, and the fact that he failed to withdraw from the matter despite the Court's Order to do so, the Court doubts that C P Grill's counsel served the documents on his client.

[10] In her affidavit of service for the May Motion, plaintiff notes that she sent the motion to the individual defendants again to the 132-02 14th Avenue address and one additional address.

September and May Motions were served in compliance with Local Civil Rule 55.2(c).  Thus, plaintiff should have filed a supplemental affidavit in compliance with Local Rule 55.2(c), but she failed to do so.

    B.  <u>Other Issues with Plaintiff's Motions</u>

        In addition to the issues outlined in this Order regarding plaintiff's failure to comply with Local Civil Rule 55, the Court has identified several other deficiencies in plaintiff's submissions, which plaintiff should consider remedying prior to filing any renewed motion for default judgment.  For example, the September and May Motions originally did not contain any papers in support of plaintiff's request for reasonable attorney's fees.  The memorandum of law attached to the September Motion lists a section in the Table of Contents for "Costs and Attorney's fees," but no such section is found in the body of the memorandum.  (ECF No. 68-7).  The memorandum of law attached to the May Motion is better in that the body of memorandum actually includes a discussion of attorney's fees and costs.  However, the memorandum states that plaintiff is entitled to an award of reasonable attorney's fees and costs "[a]s clearly demonstrated in [plaintiff's counsel's] Affidavit and the table annexed thereto setting forth the hours expended, nature of work performed, and the billable rate of pay," but no such table is provided.  (ECF No. 73-1 at 24).  In fact, the damage calculations provided for both the September and May Motions contain lines for "Attorney's Fees" and "Court Expenses," but only the latter contains a requested amount; the line for "Attorney's Fees" is blank.  (ECF Nos. 68-4, 73-4).

        Also, in her affidavit, plaintiff's counsel details the type of tasks she completed working on this matter, but she does not specify the number of hours that she worked, what expenses she incurred, or even the exact amount that she is seeking in attorney's fees and costs.  (ECF No. 73-

9

3 at 16-17). Seemingly, to rectify the issue, on June 10, 2023, plaintiff's counsel filed additional documents in support of plaintiff's request for attorney's fees. (ECF No. 77). However, even here, plaintiff's submission was still deficient. The recent submission states the amount in fees and costs that counsel and her co-counsel are each seeking, and provides contemporaneous billing records from the two firms. (ECF No. 77-1, 2). However, while counsel details in the affidavit attached to the May Motion her own professional experience in support of her requested billing rate (ECF No. 73-2, at 16), she has not provided any information, either in her May affidavit or in the subsequent June submission, regarding her co-counsel's experience or other justification for co-counsel's billing rate.

Other discrepancies in plaintiff's filings demonstrate carelessness. For instance, in her May affidavit, counsel requests prejudgment interest in the amount of $576.22, for a total judgment of $95,836.22. (ECF No. 73-3 at 16). This amount conflicts with plaintiff's request of $110,780.46 as presented in the proposed damage calculations, which includes a column of requested prejudgment interest totaling approximately $16,728.45. (ECF No. 73-4). In addition, counsel requested post-judgment interest in her declaration attached to the September Motion, but there is no other mention for such a request in the September memorandum of law or any explanation for the basis or authority supporting such a request. More confusing is that the request for post-judgment interest appears to have been abandoned since there is no mention of it in either the May memorandum of law or in counsel's affidavit attached to the May Motion.[11]

---

[11] It is unclear why plaintiff would abandon a request for post-judgment interest when "the award of post-judgment interest is mandatory under 28 U.S.C. § 1961" on money judgments in federal civil cases. Nature's Plus Nordic A/S v. Natural Organics, Inc., 108 F. Supp. 3d 52, 58 (E.D.N.Y. June 5, 2015) (quoting Indu Craft, Inc. v. Bank of Baroda, 87 F.3d 614, 619 (2d Cir. 1996)), aff'd, 646 Fed. Appx. 25 (2d Cir. 2016); see also Tru-Art Sign Co., Inc. v. Loc. 137 Sheet Metal Workers Intl. Assn., 852 F.3d 217, 223 (2d Cir. 2017) (remanding case to district court to calculate and award post-judgment interest pursuant to 28 U.S.C. § 1961 where district court did not address claim for post-judgment interest).

Thus, when refiling, plaintiff is to ensure that her motion for default judgment contains all the necessary supporting papers and that the papers are consistent with each other.

## CONCLUSION

Accordingly, the Court respectfully recommends that plaintiff's motions be denied without prejudice and with leave to renew, addressing the deficiencies discussed above, and in compliance with the Court's Local Rules.

Plaintiff is Ordered to serve this Report and Recommendation on defendants and file proof of service on the docket immediately.

Any objections to this Report and Recommendation must be filed with the Clerk of the Court, with a copy to the undersigned, within fourteen (14) days of receipt of this Report. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); see also Fed. R. Civ. P. 6(a) (providing the method for computing time). Failure to file objections within the specified time waives the right to appeal the District Court's order. See, e.g., Caidor v. Onondaga Cnty., 517 F.3d 601, 604 (2d Cir. 2008).

The Clerk is directed to send copies of this Report and Recommendation to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: July 12, 2023
      Brooklyn, New York

/s/ Cheryl L. Pollak
CHERYL L. POLLAK
United States Magistrate Judge
Eastern District of New York